UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | SACV 18-00712 AG (AFMx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | ANDERSON STEPHAN v. COSTCO WHOLESALE CORPORATION ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

In March 2018, Plaintiff Anderson Stephan filed a lawsuit in the Orange County Superior Court against Costco Wholesale Corporation (referred to here as "Costco"), and certain unknown defendants referred to as "Does," for injuries Plaintiff allegedly suffered when a case of water bottles fell on him while he was shopping. Plaintiff later amended his complaint to include as defendants Costco Wholesale Membership, Inc. (referred to here as "Membership") and Felipe Hernandez. Costco then removed the case to federal court on diversity jurisdiction grounds. Plaintiff now moves to remand.

The Court GRANTS Plaintiff's motion to remand. (Dkt. No. 11.) All other pending matters are VACATED.

## 1. BRIEF BACKGROUND

Plaintiff is a California citizen. He alleges that while he was shopping at a Costco store in Fountain Valley, a case of water bottles fell on him, injuring him. So on March 15, 2018, Plaintiff sued Costco, a Washington citizen, in California state court, purporting to allege negligence-based claims. (Notice of Removal, Dkt. No. 1 at ¶ 6 & Ex. A.)

On March 29, 2018, Costco sought to obtain a stipulation to cap damages at $75,000 "to avoid removal to federal court." (Hosseini Decl., Dkt. No. 12-1 at ¶ 4.) Plaintiff refused.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-00712 AG (AFMx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | ANDERSON STEPHAN v. COSTCO WHOLESALE CORPORATION ET AL. | | |

Plaintiff then amended his complaint to add, or "Doe in," named defendants to replace some of the Doe defendants. Plaintiff added Membership on April 2, 2018 and Hernandez on April 16, 2018. Plaintiff contends that Hernandez is a manager at the store where Plaintiff was injured. Membership and Hernandez were served on April 10, 2018 and April 23, 2018, respectively. They are both California citizens.

On April 25, 2018, Costco filed a notice of removal, purporting to assert diversity jurisdiction. At the time, Costco and Membership apparently weren't aware that Hernandez had been named a defendant. The notice of removal contends that Plaintiff's amendment to add Membership as a defendant was a "sham." (Dkt. No. 1 at ¶ 9.) Plaintiff now moves to remand this action to state court.

## 2. LEGAL STANDARD

Federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Thus, § 1332 allows what's called diversity jurisdiction. "Historically, diversity jurisdiction has required that each plaintiff in a case be a citizen of a different state than each defendant—a concept called 'complete diversity.'" *Abramson Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1060 (C.D. Cal. 2016).

"Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Thus, principles of federalism, due respect for the state courts, comity, and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Put differently, removal jurisdiction should be strictly construed in favor of remand. *Harris v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-00712 AG (AFMx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | ANDERSON STEPHAN v. COSTCO WHOLESALE CORPORATION ET AL. | | |

*Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas*, 313 U.S. at 108–09). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted).

### 3. ANALYSIS

#### 3.1  Motion to Remand

##### 3.1.1  Preliminary Matters

Plaintiff urges the Court not to consider the declaration of Shelley Sefton, claims specialist for Costco, which was untimely. (Reply, Dkt. No. 14 at 9–10.) Broadly speaking, Sefton's declaration discusses the role and authority of Membership.

"The Court may decline to consider any . . . document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12. Sefton's declaration was signed and filed on May 31, 2018, when Costco's opposition was due on May 25, 2018. *See* Fed. R. Civ. P. 6; C.D. Cal. L.R. 7-9. (Sefton Decl., Dkt. No. 13.) The Local Rules explain that "the evidence upon which the opposing party will rely in opposition to the motion" is due by the same deadline as the opposition brief itself. *See* C.D. Cal. L.R. 7-9. So Sefton's declaration, like any other evidence supporting Costco's opposition, was due on May 25, 2018.

Costco didn't offer any justification for the delay or ask to be excused from the ordinarily applicable deadlines when filing Sefton's declaration. Instead, Costco's counsel generally mentions the issue in a footnote in his own declaration.

> Due to the Memorial Day holiday weekend, Defendants opposition is due Friday, May 25, 2018 rather than the usual one-week after electronic service of a motion. Given the short time to prepare this opposition—[four] days and that relevant parties are unavailable due to the holiday, undersigned counsel states facts on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-00712 AG (AFMx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | ANDERSON STEPHAN v. COSTCO WHOLESALE CORPORATION ET AL. | | |

> information and belief where necessary and will supplement such facts with admissible evidence and testimony as soon as possible.

(Dkt. No. 12-1 at ¶ 8 n.1.) Even assuming that this was an appropriate way to deal with the timeliness of Costco's evidentiary submissions, the explanation offered isn't persuasive. Since Costco removed this case on the theory that Membership was a sham defendant, it was Costco's burden to establish federal court jurisdiction upon removal. *See Gaus*, 980 F.2d at 566. Further, the parties met and conferred regarding Plaintiff's motion to remand on May 10, 2018, eleven days before the motion was filed. And it was three days after Memorial Day that Sefton's declaration was signed and filed.

So the Court hasn't considered Sefton's declaration for the purposes of this motion. *See* C.D. Cal. L.R. 7-12. But as shown in the next section, the outcome would have been the same either way.

### 3.1.2 Analysis

As mentioned, Costco invokes diversity jurisdiction. To start, it's unclear that the amount in controversy involved in this case exceeds $75,000. What is clear is that Plaintiff's refusal to stipulate that his damages don't exceed $75,000 doesn't sufficiently establish that his damages do exceed $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402–04 (9th Cir. 1996); *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-CV-00661-RCJ-(RAM), 2010 U.S. Dist. LEXIS 76993, at *7–9 (D. Nev. June 24, 2010). But the Court need not discuss the amount in controversy in this case any further. Indeed following the parties' arguments, the Court's analysis focuses on the diversity of citizenship requirement.

Considering Plaintiff's amended complaint, there isn't complete diversity between the parties, since two of the defendants are California citizens like Plaintiff. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citation omitted) (The "presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). That is in fact the basis for Plaintiff's motion to remand. So in its opposition, Costco asks the Court to "disregard[]" the citizenship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-00712 AG (AFMx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | ANDERSON STEPHAN v. COSTCO WHOLESALE CORPORATION ET AL. | | |

of Membership and Hernandez because they were "fraudulently joined" as "sham defendants." (Opp'n, Dkt. No. 12 at 4, 8.)

It's true that "removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). Fraudulent joinder and sham defendants are terms of art. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla*, 697 F. Supp. 2d at 1158 (citing *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989)). As always, the burden of establishing that jurisdiction is proper lies with removing defendants, with the court resolving any doubts against removal. *See Gaus v. Miles*, 980 F.2d at 566. That is a heavy burden, since "there is a general presumption against fraudulent joinder." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, Costco has failed to meet its burden. Considering that a single non-diverse defendant defeats diversity jurisdiction, the Court need only address the deficiencies of Costco's argument concerning Hernandez. *See Exxon*, 545 U.S. at 553. To start, Costco's argument mainly relies on authority that deals with a plaintiff's attempt to join a non-diverse defendant *after* a case has successfully been removed on diversity jurisdiction grounds. (Dkt. No. 12 at 5–7.) Once it has been established that a federal court would have had original jurisdiction over a case, courts have discretion to deny joinders that would destroy federal jurisdiction. *See, e.g.*, 28 U.S.C. § 1447(e); *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119–20 (N.D. Cal. 2006); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019–20 (C.D. Cal. 2002); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). But since Hernandez was made a defendant in this case before Costco removed it, this Court's role isn't to decide whether to *allow* joinder, only whether joinder was fraudulent in the first place.

And Costco hasn't shown that Plaintiff "could not *possibly* recover" against Hernandez. Costco hasn't made any argument supporting the notion that Hernandez may be an improper

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-00712 AG (AFMx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | ANDERSON STEPHAN v. COSTCO WHOLESALE CORPORATION ET AL. | | |

defendant as a matter of law. Instead Costco relies on a declaration signed by Hernandez about his duties and the design and packaging of the water bottle pallets. (Dkt. No. 12 at 7–8.) "Although the basis for a removability determination is generally limited to the plaintiff's pleadings, where fraudulent joinder is an issue the Court may look beyond the pleadings." *Padilla*, 697 F. Supp. 2d at 1159 (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Still, defendants' evidence is only relevant to a fraudulent joinder analysis if it tends to show that the non-diverse defendant has "no real connection with the controversy." *See Ritchey*, 139 F.3d at 1318 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Indeed a court may not make a sham defendant determination based on an inquiry into the merits of the case. *See id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146, 153 (1914)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009); *Murakami v. E.I. DuPont de Nemours & Co.*, No. 98-15994, No. 98-16019, 1999 U.S. App. LEXIS 22722, at *9 (9th Cir. Sep. 9, 1999); *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM (JCx), 2014 U.S. Dist. LEXIS 162864, at *15–16 (C.D. Cal. Nov. 19, 2014). Yet here, Hernandez's statements about his duties and the condition of the pallets concern whether Plaintiff's asserted negligence claim against him are meritorious. They don't show that Hernandez has no connection to Plaintiff's claims whatsoever. In fact, they don't even show that Plaintiff's purported claim against Hernandez are meritless. And the lack of "particular" allegations pleaded against Hernandez doesn't establish that Hernandez is a sham defendant since Costco hasn't shown that Plaintiff wouldn't be granted leave to amend any purported deficiencies with his complaint. *See Padilla*, 697 F. Supp. 2d at 1159. (*See* Dkt. No. 12 at 7.) So Costco's fraudulent joinder argument fails.

This case illustrates the strategic value that plaintiffs and defendants place on litigating in state or federal forum. Costco tried to use removal as a threat. Plaintiff took actions to neutralize that perceived threat. These strategies may or may not be good. "But even a bad strategy is not necessarily a sham." *Padilla*, 697 F. Supp. 2d at 1158.

### 3.2 Request for Attorney Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Relying on that provision, Plaintiff asks the Court for an award of attorney fees and costs. But "[a]bsent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-00712 AG (AFMx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | ANDERSON STEPHAN v. COSTCO WHOLESALE CORPORATION ET AL. | | |

unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In *Martin*, the Supreme Court made clear that attorney fees and costs should not be awarded "presumptively, or automatically" on remand. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). It follows that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Id.* Here, removal was improper but not objectively unreasonable. Any future efforts to remove might be treated differently.

The Court therefore DENIES Plaintiff's request for attorney fees and costs.

**4. DISPOSITION**

The Court GRANTS Plaintiff's motion to remand. (Dkt. No. 11.) All other pending matters are VACATED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |